Lawrence v. LaCade.

LAWRENCE V. LACADE.

1. REVIVOR: *When to be in name of widow alone. Practice in Supreme Court.*
   Upon the death of an intestate whose estate is less than $300, it should be turned over by the probate court to his widow alone and not to her and his children; but where the death occurs during a pending suit in which the intestate was plaintiff and his estate is improperly turned over to the widow and children. the revivor of the suit in their names instead of hers alone, cannot be objected for the first time in the Supreme Court.

2. EVIDENCE: *Deposition of dead witness.*
   The deposition of a deceased witness is admissible at the trial, though he resided in the county where it was taken and within thirty miles ' of the place where the court was held.

3. WITNESSES: *Of transactions with a deceased party.*
   When the widow and heirs, and not the administrator of an intestate, are the parties to an action, the testimony of the adverse party of transactions with the deceased is admissible. The widow and heirs are not within the proviso of section 2, schedule to the constitution of 1874.

APPEAL from *Garland* Circuit Court.

Hon. J. B. WOOD, Circuit Judge.

*John M. Harrell* and *Sam W. Williams* for appellants.

We submit that here is enough of the testimony to dis-

close the errors we complain of within the rule. We assign the following errors:

*First*—The .children of LaCade have no interest in this suit, and a judgment in their favor is erroneous. *Mansfield's Digest*, *sec. 3*, provides that where there is a widow, the estate shall vest in her. If there are minor children it shall vest in them. Where there is a widow, as here, the alternative, "or children, as the case may be," has no place. *Hampton v. Physick, 24 Ark., 561; Harrison v. Lamar, 33 Ark., 824; Word v. West, 38 Ark., 243.*

This court has decided that, even without the action of the probate court, the law vests the estate in the widow, if there is one, where the estate is worth less than $300. Then there can be no presumption of an amendment below to correspond with proof, for here is an affirmative error in rendering judgment in favor of parties that the record shows have no interest.

*Second*—The court erred in excluding the testimony of Louis Phillipe and Lawrence, for it was not an administrator suing here, but a widow and heirs, and this court has decided the question in two cases, limiting the exceptions in the constitution to suits where *administrators* are parties and to no other. *Wassell v. Armstrong, 35 Ark., 248; Bird et al. v. Jones, 37 Ark., 200.*

At that page Chief Justice ENGLISH says: "In this case the complainants do not sue as executors or administrators, etc. Mrs. Bird sued in her own right *as widow,* * * * the others as heirs of Nathan Bird." He cites *1 Wharton Law of Evidence, secs. 464, 477.*

Lastly, if Mrs. LaCade has sued in a representative capacity then she could not testify for her husband as his representative, and upon the theory upon which the court tried the case here is another error. *1 Greenl. Ev., 337, 338.*

Lawrence v. LaCade.

We admit that Mrs. LaCade was competent, for she was claiming in her own right as widow, and for that reason the testimony of Lawrence and Louis Phillipe was competent. The court below was not consistent, and the deposition of LaCade should not have been read.

*R. G. Davies*, for appellees.

The first error complained of in appellants brief is that the case was revived in the name of the widow and children. There was no objection or exception saved to the revivor, and the fact that the case was so revived is not made the ground of a motion for a new trial.

No objection was made to the deposition of L. T. LaCade at the time it was read—as to the objection that at the time of reading the deposition, the witness must reside 30 miles away—it was impossible to locate his residence, he being dead.

*Sec. 2921, Mansfield's Digest*, says: "Depositions may be used on the trial of all issues in any action. * * * * where the witness is dead."

The act in regard to perpetuation of evidence only refers to cases where a suit is expected, and not to one pending. See *Mansfield's Digest*, secs. *2960, 2965*.

The order vesting the property in the widow *and* minor children was made at the request of the widow, Mrs. LaCade, and no order was necessary to vest it in her. *Harrison v. Lamar, 33, Ark., 824*. This, if an error, is one of which defendants cannot complain.

Mrs. LaCade was appointed *guardian ad litem* for the minor children in whom the estate had been vested, jointly with herself, at her request, and the evidence of Lawrence and Phillipe was properly excluded.

The case of *Wassel v. Armstrong*, has no appliability to the case at bar, and did not come within the constitutional

provision. Neither does the case of *Bird v. Jones, 37 Ark., 200.* This was a case where there had been no administration and no guardian appointed. There is nothing in the *Bird v. Jones* case to show what the estate amounted to, but in this case the estate is vested in the widow and minors in *lieu* of administration. At any rate the evidence of LaCade and Lawrence was immaterial, and it is clearly shown by the testimony of Mrs. Phillipe and others that there was a partnership existing.

SMITH, J. LaCade sued Lawrence and Louis Phillipe before a justice of the peace for work and labor done. Lawrence answered that LaCade did not perform the labor charged for upon any contract to work for defendant, and was never in the employ of the defendant, and that defendant does not owe plaintiff any part of the sum charged; that the defendant had a contract with Louis Phillipe for the making of wine on the place of defendant, from the vintage of defendant's vineyard, for the consideration agreed upon between defendant and Louis Phillipe, by which said Louis Phillipe was to employ all the assistance he might require, and pay *himself* for all labor, etc., and expense necessary in making wine; and if Louis Phillipe hired the plaintiff he did so upon his contract as principal party thereto, and not as agent of Lawrence; that the wine is not yet made under said contract with said Louis Phillipe and this defendant, and nothing was due Louis Phillipe from Lawrence.

Phillipe also answered, setting up his contract with Lawrence, substantially as Lawrence had stated it, admitting the hiring of LaCade by him, but alleging failure on the part of LaCade to perform his contract, and claiming recoupment for losses sustained.

1.REVIVOR: Widow and heirs. On motion of LaCade, the case was transferred to the court of common pleas, under the provision of law creating that court. It was there tried before the court, without the intervention of a jury, and LaCade had judgment against both defendants. They appealed to the circuit court. Pending the appeal LaCade died, and his whole estate, being worth less than $300, was, by order of the probate court, turned over to his widow and four minor children. The cause was revived in their names and proceeded to trial with the result of a verdict and judgment for the plaintiffs.

The first error assigned is, allowing the action to be revived and prosecuted in the joint names of LaCade's widow and children, when the latter had no interest. It is doubtless true that, under *sec. 3, of Mansfield's Digest,* where there is a widow, the estate is to be vested in her, and the alternative, " or children as the case may be," has no place. But no objection was made to the order of revivor, and the action of the court in the matter was not even made a ground of the motion for a new trial. It is in vain to make such objections in this court for the first time.

2. EVIDENCE: Deposition of dead witness. Again: It is urged that the court erred in admitting the deposition of LaCade taken in the county of his residence, and within thirty miles of the place of holding the court. But no motion was made before the commencement of the trial to suppress it. And such a motion, if it had been made, should have been denied, the witness being dead. *Mansf. Dig., secs. 2955, 2921.*

3. Transactions with deceased. But the court did commit a substantial error, to the prejudice of Lawrence, in rejecting so much of the testimony of Lawrence and Phillipe as showed transactions with the deceased. The rejected testimony tended to negative the existence of any partnership between the defend-

ants, or other joint liability to the plaintiffs. The action was neither by nor against fiduciaries.

In *Bird v. Jones, 37 Ark., 200*, this court, by ENGLISH, C. J., said:

" None of the complainants sued as executor or administrator of Nathan Bird. Mrs. Bird sued in her own right as his widow, and the other complainants, claiming under him as heirs, sued in their own rights. The widow and heirs are not within the exceptions made by the proviso of the section *(Sec. 2, Schedule to the Constitution of 1874)* to the general rule established by it." See, also, *McRae v. Holcomb, ante.*

But the exclusion of the evidence worked no injury to Phillipe, as it had no tendency to disprove his individual liability to pay for LaCade's work.

The judgment against Phillipe is therefore affirmed, and the judgment against Lawrence is reversed, and as to him a new trial is ordered.