FRAUENTHAL V. BRIDGEMAN.

1. PRACTICE IN SUPREME COURT: *Objection waived in court below : General exception.*
   An exception to an instruction on the ground that it is based on incompetent testimony will be disregarded in the supreme court, when such testimony was admitted without objection or effort to exclude it from the jury, and only a general exception to all the instructions was made in the court below.

2. SAME: *Same:* Incompetent evidence.
   Where a party acquiesces in the admission of incompetent but relevant evidence, a verdict based upon it will not disturbed in the supreme court.

APPEAL from *Logan* Circuit Court.
JNO. S. LITTLE, Judge.

This was an action of replevin to recover certain personal property, the possession of which was claimed by the plaintiff under four chattel mortgages, executed by the defendant. By one of these mortgages the defendant conveyed to the plaintiff two mules and also a crop of corn and cotton. It recites that the defendant was indebted to the plaintiff in the sum of $585, as the purchase money for such property, and also in the amount of his account on the books of the plaintiff, and is conditioned for the payment of the sum mentioned and all other indebtedness to the plaintiff which might exist at its maturity. On the trial evidence was given to the jury by the defendant to show that he did not in fact purchase the crop or mules referred to, and was never indebted to the plaintiff for their price.

*L. C. Balch,* for appellant.

1. The court erred in admitting parol testimony to vary and contradict the terms of a written contract.

2. It also erred in instructing the jury that the defendant might show by parol that the contract was a different one from that set forth in the writing.

No authorities are needed to sustain these propositions.

*Clendenning & Read,* for appellee.

It is too late to raise objections to the admission of incompetent evidence. No objection was made to its admission in the court below. 6 *Ark.,* 546 ; 13 *Id.,* 443 ; 10 *Id.,* 184.

2. No objection was made to the instruction complained of. The objection, if any, was to *all* the instructions *en masse.*

3. Parol evidence admissible to explain the *consideration* of a written contract. 95 *N. Y.,* 578. Or show what the *real* consideration was or that there was *none.* 2 *Devl. on Deeds,* sec. 822 ; 81 *Ill.,* 281 ; *Jones on Const. of Com,* and *Trade Cont.,* sec. 195 ; 70 *N. Y.,* 54 ; 27 *Ark.,* 510.

COCKRILL, C. J. The two points relied upon by the appellants to reverse the judgment in this case go back to the same question, viz : the admissibility of parol evidence, which, it is said, varied the terms of a written contract between the parties to the suit.

It is argued that the judgment cannot stand, because when the incompetent testimony which went to the jury is disregarded, the verdict is not sustained by evidence ; and also because the court erred in basing one of its instructions to the jury upon the incompetent evidence.

It may be conceded that the evidence was incompetent. But no objection was made to its introduction, and there was no effort to cause it to be excluded from the consideration of the jury. The appellant accepted the issue tendered by the appellee, and introduced evidence in rebuttal of that presented by him. No specific objection to the instruction now complained of was made at the trial. It is not contended that the charge is wrong if the evidence is unobjectionable. Several distinct instructions were given to the jury in no wise connected with the incompetent evidence.

1. PRACTICE IN SUPREME COURT: Objection waived in court below: General exception.

Only a general exception was made to the charge. It did not designate any specific part of it as objectionable, and it must be disregarded.

The appellant's acquiescence in the admission of the evidence, and his failure to make specific objection to the jury's consideration of it, were sufficient to lead the court to believe that he waived his right to exclude the evidence, and desired to go to the jury unembarassed by any advantage to be gained by closing the lips of his adversary as to the transactions had between them. It would be manifestly unfair to hear his objection after he has voluntary taken his chance at winning the verdict on the line adopted, and lost.

The same reasons apply to the objection made to the verdict.

When the sufficiency of the evidence to sustain the verdict is the question to be determined, full weight and consideration must be given to relevant testimony which would have been excluded at the trial, had objection been made.

2. SAME: *Same:* Incompetent evidence. A verdict obtained upon incompetent evidence, admitted by the court over the opposing party's objection, is invalid; but it is the error of the court in admitting the evidence in such cases which vitiates the verdict. When a party acquiesces in the admission of incompetent evidence he is not in position to complain of the court. He has decided the question of competency for himself; and if the evidence tends to prove the issue it must be regarded by the jury as legitimate and proper for the purpose. A verdict based upon it will not be disturbed here.

The rule excluding parol testimony, when offered to vary the terms of a written contract, was devised for the protection of the party to be benefitted by the writing. There is no rule or policy prohibiting him from waiving the benefit. *Tebbs v. Weatherwax*, 23 *Cal.*, 58; *McCloud v. O'Neal*, 16 *Id*, 392.

In *Main v. Gordon,* 12 *Ark.,* 651, a verdict based, as it appears, solely on hearsay testimony, which was admitted without objection, was upheld by this court. The case is authority in point, but it is not necessary to sanction the doctrine to the extent it seems there to be carried, to sustain the judgment in this case.

The case of *Meyer v. Roberts,* 46 *Ark.,* 80, where the judgment was reversed because there was no competent evidence to sustain the verdict, is not inconsistent with this decision. There the defence was the statute of frauds. The proof failed to show a valid contract, that is, one enforceable in the courts. Admitting the truth of all the evidence most favorable to the plaintiff, no cause of action was proven, and the judgment failed.

In this case the objectionable testimony, if true, established the fact that the defendant was not indebted to the plaintiff in any amount, and that the mortgages were satisfied. In that event, there could be no recovery by the plaintiff.

Affirm.