2. Priority— Attachment and unrecorded mortgage.

There was no error in the court's refusal to give the fourth instruction asked for by the appellant, and no error prejudicial to him in the instructions given by the court.

The judgment is affirmed.

---

HEASLET *v.* SPRATLIN.

Decided February 7, 1891.

*Accord unexecuted—Part payment.*

> The acceptance of part payment of a debt, witnessed by a due bill, in full satisfaction thereof, but without surrender of the instrument, is an agreement for a release which is based upon no consideration, and therefore void.

APPEAL from *Arkansas* Circuit Court.

JOHN M. ELLIOTT, Judge.

Heaslet, as administrator of Mills, brought suit against Spratlin on a due bill for $150. The latter in defense testified that, after the instrument was executed, Mills agreed to take $125 in full payment of the debt; that he paid this amount and took Mill's receipt therefor, which is as follows:

"OCTOBER 22, 1887.

"Received of E. J. Spratlin ($125) one hundred and twenty-five dollars, as payment on due bill held by me.

"P. B. MILLS."

The cause was tried without a jury, and judgment was rendered for defendant. Plaintiff appealed.

*Gibson & Holt* for appellant.

1. The testimony of appellee was inadmissible. Sec. 2, sched. to const. 1874; 48 Ark., 133; 52 *id.*, 550.

2. The receipt, if admissible at all, only showed a *part* payment after *the note was due*, and only extinguished the note *pro tanto.* 2 Dan. on Neg. Inst., sec. 1289, p. 309; 33 Ark., 572.

*W. H. HalliBurton* for appellee.

1. The testimony of appellee pertained to the genuineness of the receipt, and not to transactions with appellant's intestate, and is not within the constitutional prohibition.

2. The receipt showed, and was intended as, an accord and satisfaction, and a discharge of the entire indebtedness, and is binding. 2 Ark,, 209 ; 44 *id.*, 349; 33 *id.*, 572 ; 21 Am. L. Reg., N. S., 637.

COCKRILL, C. J. As the suit was by an administrator to recover a debt claimed to be due to his intestate, the defendant was not a competent witness to testify to transactions with and statements made by the intestate in reference to the matter in controversy. Sec. 2, schedule to const. of 1874. See *Nunnally* v. *Becker*, 52 Ark., 550. But the record does not disclose that objection was made to the introduction of the testimony, and it cannot be raised here for the first time.

Accord unexecuted—Part payment.

The judgment for the defendant cannot be sustained, however. The receipt for money paid to the intestate, which was the foundation of the defense, does not purport to be in full payment or a release of the debt which the defendant owed. The due bill which represented his debt was not surrendered to him, and the partial payment was made

in money after the debt was due. The case stands, then, only upon the defendant's testimony of the parol release. But that, by all previous decisions of the court, was not an executed release, but only an agreement for a release based upon no consideration and therefore void. *Gordon* v. *Moore,* 44 Ark., 349.

Reverse and remand.