## COLLIER *v.* TRICE.

### Opinion delivered June 25, 1906.

1. ADMINISTRATION—AUTHENTICATION OF ASSIGNED DEBT.—Under Kirby's Digest, § 118, relating to the probate of claims against estates of deceased persons, which provides that, "if the debt be assigned after the death of the debtor, affidavit shall be made by the person who held the debt at the death of the debtor, as well as the assignee," it is not contemplated, where the debt is assigned after it has been presented, with proper authentication, to the executor or administrator, that any further or additional authentication should be necessary. (Page 416.)

2. PARTY—ASSIGNOR.—It is only where the assignment of a thing in action is not authorized by statute that the assignor is required, by Kirby's Digest, § 6000, to be made a party. (Page 417.)

3. WITNESS—TRANSACTIONS WITH DECEDENT.—Under Const. 1874, sched. 2, providing that "in actions by or against executors, administrators or guardians in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward unless called to testify thereto by the opposite party," the ground of disqualification is not the interest of the witness, but the fact that he is party to the suit. (Page 418.)

Appeal from Greene Circuit Court; *Allen Hughes,* Judge; affirmed.

*Johnson & Huddleston,* for appellant.

1. The claim was not properly authenticated. Kirby's Digest, § 118. The statute directing a nonsuit if authentication is not made is peremptory. 30 Ark. 756; 48 Ark. 304.

2. The claim was never, in fact, assigned. Presentation of the claim by Crawford, duly authenticated, was, in effect, the beginning of suit (see 28 Ark. 238), and there was no effort to comply with the statute (Kirby's Digest, § 4457) with reference to the sale of a cause of action after suit filed. Crawford was therefore a necessary party plaintiff. 10 Ark. 304; 47 Ark. 541; 46 Ark. 420; 57 Ark. 496; 69 Ark. 62; Kirby's Digest, § 6000.

3. The testimony of Crawford as to transactions and conversations had with deceased was not admissible. 70 Ill. 144; 14 S. W. 157; 116 Pa. 308; 8 Ala. 846; 15 Ala. 618; 50 Ala. 470; 56 Ill. App. 280; 73 Me. 345; 26 Ark. 477; 48 Ark. 133; 75 Ga. 246; 64 Mo. 142; 3 Mont. 351; 50 Ala. 470.

*J. D. Block, W. S. Luna* and *F. H. Sullivan,* for appellees.

1. The section urged by appellant (Kirby's Digest, § 118) is not to be taken alone, but is evidently to be taken with those which accompany it. Kirby's Digest, § § 113, 114, 124, 126. It follows that the provisions as to verification have to do with the presentation of the claim *to the administrator.* If the verification answer the statutory requirements under conditions existing when the claim is exhibited to the administrator, no further or additional verification is afterwards necessary. 21 Ark. 474; 63 Ark. 556.

2. If notice was necessary from appellees to the administrator of intention to present the claim to the probate court, he waived it by appearance in that court, participating in the trial and by appeal to the circuit court. 19 Ark. 484; 20 Ark. 424. Presentation of the claim to the administrator is not the beginning of a suit. He has no judicial powers. It is the exhibition of the demand to the administrator, and not an action upon it, that stops the statute of non-claim. Kirby's Digest, § 110, subdiv. 5; 21 Ark. 474; 29 Ark. 243; 37 Ark. 155. Kirby's Digest, § 4457, has no application to the condition here.

3. There was no error in admitting Crawford's testimony. Kirby's Digest, § 6006; 23 Ark. 30; 15 Enc. Pl. & Pr. 747 *et seq.;*

Kirby's Digest, § 509; 47 Ark. 541; 1 Ark. 220; 37 Ark. 39; 44 Ark. 564; 31 Ark. 603; 5 Ark. 649; 34 Ark. 531; 37 Ark 556; *Ib.* 200; 46 Ark. 306; 63 Ark. 556; 19 Fed. 286; 42 Fed. 488; 64 Fed. 267; 45 Me. 165; 73 Me. 342; 47 Mo. 145.

BATTLE, J. On the 16th day of January, 1883, H. W. Glasscock executed to J. W. Crawford his promissory note for the sum of $800 and ten per cent. per annum interest thereon from date. The note was due and payable to the order of Crawford twelve months after date, the 16th day of January, 1883. Sundry credits, beginning in 1886 and ending in 1889, were indorsed upon the note. On the 25th of January, 1901, Glasscock died, and on the 4th day of March, 1901, M. F. Collier was appointed administrator of his estate. On the 19th of November, 1902, Crawford presented the note, properly authenticated, to the administrator for allowance, who rejected the claim, and waived notice of presentation to the probate court. Thereafter Crawford, for a valuable consideration, assigned the note to H. S. Trice, J. R. Miller and J. W. Weatherby. No further affidavit of authentication was made by the assignees or either of them. The claim was presented to the probate court and allowed, and the administrator appealed to the circuit court.

In the circuit court the administrator moved to dismiss the action because the claim was not properly authenticated, which was overruled. He then moved to make Crawford a party plaintiff, which was overruled. He then answered and pleaded the five years statute of limitation.

In the trial J. W. Crawford was permitted to testify, over the objections of the administrator, as to transactions with Glasscock, the deceased. His testimony, if true, proved that the note was executed by the deceased, and was given for a valuable consideration, and that the 'credits indorsed thereon were for amounts actually paid on the days of their respective dates.

Plaintiffs again recovered judgment against the administrator for the balance due on the note, and he appealed.

The first contention of appellant is that appellees should have verified the claim after it was assigned to them. The basis of this contention is section 118 of Kirby's Digest, which is as follows: "If the debt be assigned after the death of the debtor, affidavit shall be made by the person who held the debt

at the death of the debtor, as well as the assignee." Does this
mean that the affidavit must be made by the assignee when the
assignment has been made after the claim has been presented to
the administrator? Section 113 of the Digest provides how a
claim shall be presented to the administrator or executor. Sec-
tion 114 provides how it shall be authenticated. Section 115
provides that, "before any executor or administrator shall pay
or allow any such debt, the same shall be sworn to as aforesaid."
Section 118 provides how it shall be authenticated when it has
been assigned after the death of the debtor. All these sections
as to authentication manifestly have reference to the time when
the claim shall be presented to the administrator or executor for
allowance, and have no reference to an assignment made after
such presentation. After it has been presented to the adminis-
trator or executor, without providing for any other authentica-
tion, section 123 provides: "It shall be the duty of every person
having claims against the estate of any deceased person, after
having exhibited his claim to the executor or administrator, as
required, and after the same has been approved and allowed by
him, to file the same, together with a copy of the notice served on
the executor or administrator, in the office of the clerk; and the
said clerk shall, at the next term of the court after the filing of
such claim, present the same to the court for classification," etc.
Section 124 provides: "If any executor or administrator shall
refuse to allow any claim or demand against the deceased, after
the same may have been exhibited to him in accordance with law,
such claimant may present his claim to the court for allowance,"
etc. And section 126 provides: "No demand against any estate
shall be presented to the court for allowance until after the
executor shall have refused to allow and class the same," etc.
All these statutes show that the claim must be authenticated in
the manner indicated when presented to the executor or adminis-
trator, and it necessarily follows that if the authentication
answers the statutory requirements, under conditions existing
when the claim is exhibited to him, no further or additional
authentication afterwards becomes necessary.

Appellant's next contention is that Crawford should have
been made a party. This is not true. The note sued on was
assignable. It is only when the assignment of a claim or thing in

79—27

action is not authorized by the statute that the assignor must be made a party. Kirby's Digest, § 6000.

Crawford was a competent witness. He was not rendered incompetent by section 2 of the schedule to the Constitution of 1874. That section provides: "In civil actions no witness shall be excluded because he is a party to the suit or interested in the issues to be tried. Provided, that in actions by or against executors, administrators, or guardians in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party." Under this section only parties to actions by or against executors, administrators, or guardians in which judgment may be rendered for or against them are incompetent to testify. Interest can not disqualify. Crawford was not a party to this action, and was a competent witness. *Bird* v. *Jones,* 37 Ark. 195; *Bozeman* v. *Browning,* 31 Ark. 364; *McRae* v. *Holcomb.* 46 Ark. 306; *Lawrence* v. *La Cade,* 46 Ark. 378; *Stanley* v. *Wilkerson,* 63 Ark. 556; *Potter* v. *Bank,* 102 U. S. 163.

Judgment affirmed.

HILL, C. J., not participating