### Veach *v.* Merchant.

Opinion delivered February 2, 1931.

*Rice & Dickson,* for appellant.

*W. O. Young,* for appellee.

Kirby, J. J. F. Merchant and Allie Merchant brought this suit in the chancery court for an alleged

balance of purchase money claimed to be due from A. C. Veach, trustee, and for the enforcement of a vendor's lien therefor against the northwest quarter southwest quarter, section 1, township 18 north, range 31 west, Benton County.

It was alleged that they had conveyed the lands to A. C. Veach as trustee for the Oklahoma Park Association for a consideration of $2,000; that only $1,425 was paid in cash and the balance of $575 was to be paid in 30 days; that the deed was delivered, but the deferred payment had never been paid. They alleged that defendants were nonresidents; asked that the amount due should be adjudged and a lien fixed against the land for the collection of the balance of the purchase money.

Appellant filed a general demurrer to the complaint and suggested the death of J. F. Merchant since the filing of the suit, and that no cause of action had been stated against him by Allie Merchant. Without waiving his demurrer, he answered admitting the purchase of the land on the 20th day of July, 1926, for $2,000, $1,160 of which was paid in cash, and that the balance was to be paid out of proceeds of the sale of 22 lots in block 5, according to the plat of the 40-acre tract containing the block, the sales to be made by plaintiff or his agent, B. F. Alley, and the deeds to be executed by defendant, appellant; that he had been at all times since ready and willing to execute the deeds to the said purchasers of the said 22 lots in block 5, and allow appellees to keep the full amount of the purchase price in the sums for which the lots were sold; that five of the lots were sold by the plaintiff or his agent, and deeds executed therefor and the proceeds of the sales were paid over to plaintiff and accepted by him under the terms of the agreement. The answer denied that plaintiff had a lien on the lands for any of the alleged balance of the purchase money; alleged that the purchase money was paid in full, and that a warranty deed had been executed by the grantor conveying same with acknowledgment of the payment in full of the

purchase price. The answer offered to convey all the unsold portions of block 5 in the 40-acre tract to the plaintiff or any one designated by them.

It appears from the testimony that the contract of sale was made with $100 paid as earnest money, and the deed was put in the bank in escrow to be delivered upon the payment of the balance of the $2,000 consideration. $1,160 was paid in cash, and the deed delivered to the appellant by the escrow bank. Deeds for the lots in block 5 were executed in blank and left with the bank to be filled in with the names of the purchasers thereof by the agent of plaintiff, who agreed to make the sales, and the money derived therefrom to be delivered to the plaintiff. Five of the lots were sold and the deeds made accordingly, the $175 realized therefrom being placed to the credit of Mr. Merchant, the grantor in the deed.

The cashier of the bank testified that, after the deed had been put in the bank in escrow, the grantor returned the same day and directed him to deliver the deed, which recited full payment of the purchase money to appellant, which was done. $1,170 in cash was paid, and the proceeds of the sale of five of the lots, $175, placed to the credit of the grantor in the bank, $1,345 in money. The cashier understood that the balance of the unpaid money was to be paid by the sale of the lots, five of which were in fact sold and the money put to the credit of the grantor. He did not understand that there was any specified time for the sale of the lots and said Mr. Alley agreed to sell the lots in the block reserved and turn the purchase money over to the grantor. He also testified that he was administrator of Mr. Merchant's estate, and prior to his death he had given all his property and holdings to his wife, Allie Merchant; that he made no claim of any interest in the balance alleged to be due for the estate.

Mrs. Merchant testified that her husband died on April 15; that there was about $1,160 or $1,175 paid in cash of the consideration and some lots sold; that she supposed that Mr. Alley was to sell the lots for appel-

lant, but did know that there was no note given for any amount of the purchase money. She stated she was not present when the sale of the lands was made, and had got her understanding of it from her husband and Mr. Butler, the cashier.

Alley testified that he had suggested the sale of the 40-acre tract of land and had introduced Mr. Veach to the owner; that $100 was paid down to bind the bargain; that he knew of no written agreement of sale between the parties. The deed was placed in escrow to be delivered upon the payment of the $2,000 according to the original contract; that he had heard of a second contract about 22 lots in one block of the tract of land platted to be sold and the proceeds turned over to the grantor; that Mr. Merchant told him that if he would agree to sell the lots, he would make the trade; that he did agree with Mr. Merchant to sell the lots, and thought it could be done in 30 days and the trade was made. The deeds to the 22 lots were executed in blank and left at the bank with the cashier, Mr. Butler, to insert the names of the purchasers of the lots, and he was further instructed to place the money derived therefrom to the credit of Mr. Merchant; said that Mr. Merchant was to accept the purchase money for the 40 acres, the proceeds from the sale of the 22 lots and the $1,160 or whatever amount was paid down, and said to him, "I want you to sell these lots;" that he later secured an extension of 30 days for the sale of the lots, and that Mr. Veach had paid him nothing whatever, as he was representing Mr. Merchant only in the sale of the lots.

The court rendered a decree against appellant for the alleged balance of the purchase money due, and from such decree this appeal is prosecuted.

The appellant insists that the decree is contrary to the great preponderance of the testimony, and the contention must be sustained.

The facts, as stated by the witnesses who knew of the transaction, are virtually undisputed. Mrs. Mer-

chant, who was the owner of any claim for purchase money, if any had been due for the conveyance of the lands, knew nothing about the transaction of her own knowledge, and the deed, first placed in escrow and later delivered to appellant by direction of the grantor, J. F. Merchant, recited the full consideration paid. The three witnesses, who knew of the transaction, stated that the agreement required the payment of the certain amount of cash that had been received and the proceeds of the sale of the lots in the particular block of land, which were to be turned over by the agent appointed by Merchant to make the sale, the deeds to said lots being executed in blank and left with the cashier of the bank to fill in the names of the purchasers thereof, and the money deposited to the credit of the grantor.

Appellee insists that the testimony of the witnesses relative to the transaction was incompetent, because of the death of the grantor before the trial of the case, but his administrator was not a party to the suit, and such objection cannot be sustained. *Nolen* v. *Hardin,* 43 Ark. 317, 51 Am. Rep. 563; *Stanley* v. *Wilkerson,* 63 Ark. 556, 39 S. W. 1043; *Blackburn* v. *Thompson,* 127 Ark. 438, 193 S. W. 74.

The court erred therefore in the decree rendered, and at most could only have required the conveyance of the lots remaining unsold in the block of lands, the proceeds of the sale of which were agreed to be turned over in payment of part of the purchase money, which appellant offered to convey. The decree is accordingly reversed, and the cause remanded with directions to dismiss the complaint for want of equity upon the conveyance of the remainder of the lots agreed to be conveyed in settlement of the balance of the purchase money. It is so ordered.