CAMPBELL, ADMINISTRATOR, *v.* HAMMOND.

4-6482                                156 S. W. 2d 75

Opinion delivered November 24, 1941.

*A. D. Shelton,* for appellant.

*William G. Bowic,* for appellee.

McHANEY, J. Appellant's intestate died in Hot Springs October 25, 1940. Shortly thereafter appellant was duly appointed and qualified as administrator of his estate. On December 2, 1940, appellees, husband and wife, presented separate claims against said estate to the administrator who disallowed them. The claim of Nellie Hammond consisted of two items: one for 114 days general house work for said intestate at $1 per day, in the sum of $114; the other for 117 days work as a practical nurse at $3 per day, in the sum of $351, making a total claim of $465. The claim of James B. Hammond for $140 was based on an alleged contract with said intestate to pay him for his services at the rate of $60 per month. These claims were presented to and heard by the court on December 18, and Mrs. Hammond's claim was allowed in the sum of $300 and her husband's claim was continued. On April 30, 1941, the latter's claim was

allowed in the sum of $60. The administrator has duly prosecuted an appeal to this court.

Both appellees were permitted to testify, without objection, as to transactions with the intestate without being called by the opposite party. This was contrary to the express language of Schedule, § 2 of the Constitution as well as § 5154 of Pope's Digest. It is there provided "that in actions by or against executors, administrators or guardians in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party." In *Williams* v. *Walden*, 82 Ark. 136, 100 S. W. 898, it was held that, in an action against an administrator to recover for services in nursing the intestate, plaintiff is incompetent to testify as to the services performed, because such testimony related to a "transaction" with intestate within the meaning of § 2 of the schedule of the Constitution. There are many other decisions of this court to the same effect. Does the fact that their testimony as to transactions with said intestate was not objected to in the lower court prevent appellant from raising the question here for the first time? In *Heaslet* v. *Spratlin*, 54 Ark. 185, 15 S. W. 461, Chief Justice COCKRILL said: "But the record does not disclose that objection was made to the introduction of the testimony, and it cannot be raised here for the first time." At that time, however, there was a different setup for probate cases, being heard in the first instance by the county judge who was also the judge of the probate court, and on appeal to the circuit court, where probate cases were tried *de novo* with a jury, if desired by either party. Now the setup is entirely different. Amendment No. 24 to the Constitution made the chancery judges also the judges of the probate courts in each county of their respective districts. Section 2 of said amendment amended § 35 of art. VII of the Constitution to read as follows: "Appeals may be taken from judgments and orders of courts of probate to the Supreme Court; and until otherwise provided by the General Assembly, shall be taken in the same manner as appeals from courts of

chancery and subject to the same regulations and restrictions." While this language does not specifically authorize this court to try such appeals *de novo,* we think it is persuasive that such was the intent. Under the former practice there was an intermediate appellate court where such appeals were tried with a jury if desired, but under Amendment No. 24, all such appeals are direct to this court, with no opportunity being afforded either party for a jury trial, and we are of the opinion that the ends of justice will best be subserved by a trial *de novo* in this court, just as are chancery appeals. It is true that the probate court is still a court of law, as we held in *Young* v. *Young,* 201 Ark. 984, 147 S. W. 2d 736, where we said: "Although probate courts are presided over by the chancellor, they continue to be courts of law." But this fact does not preclude us from trying such cases *de novo* under said amendment.

We, therefore, hold that appeals from the probate court are tried *de novo,* just as in chancery appeals, and that this court will consider only the competent evidence in the record, whether formally objected to or not. In this view of the matter, the appellees were incompetent witnesses, because their testimony related to transactions with or statements of the intestate, and must be disregarded. When their testimony is eliminated there is not sufficient other competent evidence in the record to support the judgment of the court.

Appellees moved in a cabin on the property of said intestate in March or April, 1940, where they remained until his death. They paid no rent and were furnished lights, water and fuel free of charge. Mrs. Hammond did some work for McGrath both before and after his illness began and so did her husband who was paid for his work from time to time by check, and on each check was a notation, "in full to date." For instance, on May 24, 1940, Hammond was paid by check $5; on June 1, $7.50; on June 8, $6; on June 29, $6.25, and July 6, $6. There is no evidence that intestate ever paid Mrs. Hammond anything, and no evidence, except their own, that he agreed to do so. It seems unreasonable to believe that if Mrs. Hammand had an agreement with him to pay her $1 per day

for 114 days and $3 per day thereafter for 117, she would have continued to work for him for nearly two-thirds of a year without collecting anything from him. It also seems unreasonable to believe that intestate who was so careful to pay Hammond by check and note thereon payment "in full to date," would then hire him by the month at $60 and not pay anything for more than two months.

We, therefore, conclude that the competent evidence in the record is not sufficient to establish these claims or either of them, and the judgment of the probate court must be reversed, and the cause dismissed.

SMITH, J., (concurring). I concur in the view that appeals from the chancery court, sitting in probate, are tried here *de novo*. If they were not, then, without question, we could not disregard the incompetent testimony which was admitted without objection. We have an innumerable number of cases to the effect that objections not made to the competency of testimony in trials at law will be held to have been waived, and may not be raised for the first time on appeal to this court. The majority recognize this rule, but held that it is inapplicable in chancery appeals, for the reason that such appeals are tried here *de novo,* and that on such appeals only competent testimony will be considered, and incompetent testimony will be disregarded, even though it was admitted without objection.

The majority disregard the testimony given by Hammond and his wife proving their contract with the intestate. If the trial here was *de novo,* this could not be done, and the judgment appealed from would be affirmed, as their testimony, having been admitted without objection, is sufficient to support the judgment. But the majority opinion is predicated upon the proposition that, this being a trial *de novo,* we may not consider their testimony, even though it was admitted without objection.

This being a trial *de novo,* I have the right to exercise my own judgment and to form my own conclusion as to the weight to be given to the testimony of Mr. and Mrs. Hammond in regard to their contract, and my con-

clusion, from the testimony, in its entirety, is, that they had no contract. In other words, I do not accept their testimony as true, this being a trial *de novo,* and I therefore, concur in the holding of the majority that the claim should be dismissed; but I do not think we may disregard the testimony, because it would have been excluded had objection to its admission been made.

In the case of *Allen* v. *Ozark Land Co.,* 55 Ark. 549, 18 S. W. 1042, an essential fact relating to the validity of a tax sale was shown by testimony, which the opinion in that case said had been established by incompetent testimony, to which no objection was made at the time of its admission. Upon the appeal from the decree, rendered by the circuit court, sitting in chancery, it was insisted that the decree should be reversed, because this essential fact had been established by incompetent testimony, for the reason that, in chancery appeals, only competent testimony might be considered. In overruling that contention, Mr. Justice BATTLE said: ''Failing to object, he thereby lulled the appellee into repose and deprived it of the opportunity of offering better evidence. Had the testimony of Cobb been competent for any purpose or on any condition, the circuit court should have given it no consideration, and in weighing the evidence should have excluded it on its own motion. In such cases the failure of a party to object does not add to the probative force of the incompetent testimony; but in case of secondary evidence, if he waives the conditions on which its admissibility depends, he thereby gives to it its full force as evidence. This is the rule in actions at law. *Frauenthal* v. *Bridgeman,* 50 Ark. 348, 7 S. W. 388. The same rule prevails in actions in equity. 3 Greenleaf on Evidence, (14th ed.), § 357; *Barraque* v. *Siter,* 9 Ark. 545. Having failed to object to Cobb's testimony below, appellant cannot object to it here. *Eden* v. *Earl Bute,* 1 Brown's P. C. 465; 2 Daniell's Ch. Pr. (4th ed.), pp. 1504, 1127; 1 Barb., Ch. Pr. (2d ed.), pp. 386, 419.''

The testimony of Mr. and Mrs. Hammond cannot be said to be incompetent for any purpose or on any condition. It would have been competent had they been called by the opposite party. The opposite party had the right

to waive objection to the competency of the witnesses, and, in my opinion, did so when they were permitted to testify without objection. This is certainly the rule at law, and I think is equally so in equity. Professor Wigmore says: "The initiative in excluding improper evidence is left entirely to the opponent—so far at least as concerns his right to appeal on that ground to another tribunal. The judge may, of his own motion, deal with offered evidence; but for all subsequent purposes it must appear that the opponent invoked some rule of evidence. A rule of evidence not invoked is *waived.*" (The italics are his.) Vol. 1, Wigmore on Evidence, p. 321.

I think it was error, therefore, to exclude the testimony from consideration, because it could not have been offered had it been objected to, inasmuch as it was not objected to. It was not testimony which was incompetent for any purpose or on any condition, and the failure to object waived the question of the competency of the witnesses.

Discussing statutes similar to § 5154, Pope's Digest, Professor Jones says: (3 Jones on Evidence, p. 1426) that: "Inasmuch as this statutory disqualification is intended for the benefit of the estates of deceased or incompetent persons, the representative of such a person may waive the protection which the statute seeks to afford. The waiver may be express or implied. Objection to the competency of a witness to testify as to transactions with an incompetent or deceased person will be deemed to have been waived if it is not presented at the time when the evidence is produced. The objection must be addressed to the competency of the witness, not merely to the competency or relevancy of the evidence."

I perceive no reason why if the incompetency of a witness may be waived in a law case, the incompetency may not also be waived in an equity case. The text writers on evidence make no such distinction. If the incompetency of a witness is waived—and it is waived when the witness is permitted to testify without objection—then his testimony is competent, and may not be disregarded when the case reaches this court on appeal.

We so treated the testimony which, because of § 5154, Pope's Digest, was incompetent, in the case of *Lisko* v. *Hicks*, 195 Ark. 705, 114 S. W. 2d 9, an equity case. It was there said: "It is insisted that certain testimony, without which the chancellor could not have found in favor of appellee, was incompetent under § 5154, Pope's Digest. . . . In *Heaslet* v. *Spratlin*, 54 Ark. 185, 15 S. W. 461, it was there said: 'It is insisted that certain testimony, without which the chancellor could not have found in favor of appellee, was incompetent under § 5154, Pope's Digest. . . .' In *Heaslet* v. *Spratlin*, 54 Ark. 185, 15 S. W. 461, it was held that the testimony must be objected to when offered. The decisions in the LaCade (*Lawrence* v. *LaCade*, 46 Ark. 378) and Heaslet cases have been consistently followed by this court. . . . If § 5154 of Pope's Digest were applicable, the privilege was waived when this testimony was introduced."

In *Neff* v. *Elder*, 84 Ark. 277, 105 S. W. 260, 120 Am. St. R. 67, an equity case, it was said: "This method of proving the existence of the mortgage was not proper, but no objection was raised to it at the time, and it is too late now to question the competency of the evidence."

*Scott* v. *McGraw, Perkins & Webber Co.*, 128 Ark. 397, 194 S. W. 230, was a case in equity in which the incompetent testimony of the husband was offered to support his wife's case. It was there said: ". . . Dr. Scott gave testimony tending to establish a necessary part of appellee's case, and no objection to the competency of other portions of his testimony having been made in the court below, such objection cannot now be considered here. *Fidelity-Phoenix Fire Ins. Co.* v. *Overman*, 117 Ark. 71, 174 S. W. 215. There is no inherent incompetency in this testimony, and no objection was made to the competency of the witness." So, here, there is no inherent incompetency in the testimony of the Hammonds, and no objection was made to them as witnesses.

In *Graves* v. *Bowles*, 190 Ark. 579, 79 S. W. 2d 995, Bowles recovered, in equity, a judgment against the estate of his sister, upon a claim for nursing her. It was there said that Bowles' testimony in support of his claim was violative of § 4144, C. & M. Digest, which now ap-

pears as § 5154, Pope's Digest, in which connection it was there said: "While the burden of proof is upon the claimant to show such facts as would justify the court in implying that there was a contract to be performed, he cannot do so by his own testimony when it violates the above-mentioned statute" (§ 5154, Pope's Digest). The opinion states that "Bowles was permitted to testify," implying that his testimony was not admitted without objection, but was admitted notwithstanding the objection. An examination of the transcript in that case discloses that the testimony of Bowles was objected to, and that in the inhibition of § 4144, C. & M. Digest (§ 5154, Pope's Digest), was invoked. The testimony should not have been admitted in the trial court, because objected to, and for that reason was disregarded here. But not so in the instant case.

It occurs to me that the majority are changing a practice, which has long prevailed, in disregarding testimony given by a witness whose testimony would not have been admitted had objection been made to the competency of the witness. If the competency of a witness is waived, it is waived, as well in a chancery case, as in a case at law, and the rule adopted by the majority is not in harmony with our previous decisions, and is not conducive to the administration of justice.

From that holding I respectfully dissent, but for the reasons herein stated, I concur in the judgment of the court.

I am authorized to say that the Chief Justice concurs in the views here expressed.