BURCHAM *v.* TERRY.

Decided January 30, 1892.

1. *Taxation—Land of the United States—Homestead.*

Land of the United States becomes subject to State taxation when a final certificate is issued, under the homestead act of congress, entitling the holder to a patent.

2. *Overdue tax decree—Conclusiveness.*

A decree in an overdue tax suit enforcing a lien upon lands for taxes cannot be questioned collaterally, where the court had jurisdiction, by showing that illegal taxes had been assessed against the lands or that the lands had been placed upon the assessment books for years when they were not liable for taxes.

APPEAL from *Franklin* Circuit Court, Ozark District. HUGH F. THOMASON, Judge.

*J. V. Bourland* for appellants.

The lands belonged to Tolbert from the date of his final receipt. 54 Ark., 148. The tax proceedings were begun after Tolbert has received his final certificate, and if the lands were not subject to taxation, this was matter of defense, which he could have successfully set up, but is not now available. Acts 1881, p. 64, secs. 3, 4, 5, 18, 20; 50 Ark., 188.

*Ed. H. Mathes* for appellee.

The land being exempt from taxation, the court acquired no jurisdiction, and the decree was void. The land belonged to the United States, and the court acquired no jurisdiction to determine a cause between the State and the United States.

HUGHES, J. This is a suit by appellant to recover the possession of land described in the complaint, for title to which the appellant relies upon a deed from Paul M. Cobbs, commissioner of state lands, executed to him, which deed recites and is based upon a sale of the land to the State, under the overdue tax act of 1881.

The appellee claims ownership to the land through Edward Tolbert, who " homesteaded " the land in 1875 under

the United States homestead laws, and obtained his "final certificate" from the United States on the 20th of January, 1882, and received a patent from the United States therefor the 10th day of February, 1883. Appellee denies the validity of appellant's deed because, he says, the land was owned by the United States in the years 1880 and 1881, for the taxes of which years the lands were proceeded against in the overdue tax suit, and for which they were sold to the State; that said deed is void because the land was sold for certain illegal taxes and for an attorney's fee of $5 in gross, etc.

The suit against these lands under the overdue tax act was commenced on the 14th of October, 1882, after Tolbert had obtained his "final certificate." The court below found the facts substantially as stated, and declared the deed of the State to appellee void, for the reason that the State had acquired no title to the lands at the overdue tax sale, because the lands were the property of the United States in 1880 and 1881, for the taxes assessed for which years they had been sold; and also for the reason that illegal taxes were assessed for said years against said lands, and for which they were adjudged to be sold, as well as for other taxes.

In *Gilkerson-Sloss Co.* v. *Forbes*, 54 Ark., 148, it is held that "one who has become entitled to a patent, under the homestead act of congress, may mortgage the land before the patent issues;" that "when a person does everything that is necessary to entitle him to a patent for a tract of public land, he becomes the equitable owner thereof. The land is segregated from the public domain, ceases to be the property of the government, and, in the absence of limitations and restrictions legally imposed, becomes subject to private ownership and all the incidents and liabilities thereof." 1. When homestead becomes taxable.

Among the most certain incidents and liabilities of the ownership of property by a private person is its liability to taxation. That the owner of lands entered at the United States land office should be able to claim that they were exempt from taxation until he should have obtained a patent for them from the government, cannot be maintained. If this

could be the case, a large amount of lands owned by private persons would escape taxation, at least until a patent issued for them. It follows that these lands in controversy were subject to taxation after the "final certificate" was issued to Tolbert, and they were subject to taxation at the date of the decree and sale in the overdue tax suit.

**2. Conclusiveness of overdue tax decree.** The chancery court that rendered the decree under which they were sold to the State had jurisdiction of the subject matter of the suit, which was a proceeding *in rem*. That illegal taxes had been assessed against the lands, and that they had been assessed for taxation for years when they were not liable for taxes, were matters of defense which might have been shown in the overdue tax suit, but they cannot be shown in a collateral suit. These matters might have been litigated in the overdue tax suit, and the decree in that suit is conclusive here as to all matters that could have been litigated in that suit except the question of jurisdiction. *Mayo* v. *Ah Loy*, 32 Cal., 477. This case falls within the principle decided in *McCarter* v. *Neil*, 50 Ark., 188, and *Williamson* v. *Mimms*, 49 Ark., 336. 1 Black on Judgments, sec. 245.

The judgment is reversed, and the cause is remanded for a new trial.

MANSFIELD, J., did not sit in this cause.