## CALDWELL *v*. MARTIN.

Decided February 20, 1892.

*Tax-title—Confirmation—Fundamental defect.*

> A decree confirming a tax-title will not be open to collateral attack because the land was not advertised as delinquent; if the curative powers of such a decree do not extend to fundamental defects, failure to advertise is not of that class, since the statute fixes the day of sale and is itself public notice.

APPEAL from Pulaski Chancery Court.

DAVID W. CARROLL, Chancellor.

R. W. Martin purchased from the land commissioner certain land forfeited to the State for non-payment of taxes, and by appropriate proceedings procured a decree confirming his title. Caldwell subsequently brought this suit to set aside the decree and annul the tax-title, upon the ground that the land was not advertised as delinquent for the year of the pretended forfeiture. The court sustained a demurrer to the complaint. Plaintiff has appealed.

*W. F. Hill* and *Sanders & Watkins* for appellant.

1. The officer has no authority to sell without advertisement, and a sale without such notice, although subsequently confirmed, is absolutely void, and the court rendering such decree is without jurisdiction. Mansf. Dig., secs. 5760-2-4; 30 Ark., 739; 37 N. W. Rep., 798; 31 *id.*, 185; 33 *id.*, 697; 5 S. W. Rep., 374; 15 Ark., 363.

2. The sale being *void* cannot be validated by decree of any court. 46 Ark., 105.

A *confirmation* only makes a voidable or defeasible estate good, but cannot operate on an estate void in law. Bouvier, Law Dic. The word "confirmation" is used in our statutes in its ordinary signification.

*Ratcliffe & Fletcher* for appellee.

A decree of confirmation is conclusive of all questions as to payment of taxes and regularity or legality of sale. 21 Ark., 364; 22 *id.*, 118; 24 *id.*, 344; 42 *id.*, 344; 52 *id.*, 400; 50 Ark., 188.

HEMINGWAY, J. Counsel for appellant state the question presented by the appeal as follows: " Does a commissioner's deed confirmed by a decree of the chancery court divest the title of the owner and vest a perfect title in the purchaser when the property embraced in such deed was never advertised as delinquent?"

His contention is that a tax sale without advertisement is absolutely void; that a decree of confirmation can cure only a sale which is voidable; and, hence, that a decree which attempts to cure a void sale is itself void.

The major premise states in general terms a legal principle applicable to tax sales, and if the minor be correct, in the broad terms in which it is stated, the conclusion contended for would seem to follow. The statute that authorizes the proceeding to confirm tax-titles was a part of the revised statutes, and has for more than a half century, in much the same form, comprised a part of the statute law of the State. It has from a very early time been resorted to, and formed the basis for decrees confirming such titles; and causes depending upon such decrees have come to this court and been considered in which the decrees were sustained.

If it be correct, as contended by the appellant, that such decree can cure voidable titles, but cannot aid titles absolutely void, the statute would be nugatory; for, as was stated by Chief Justice English in *Wallace* v. *Brown,* 22 Ark.. 118, all tax sales are in a general sense either valid or void; the former need no decree of confirmation to sustain them, and if the latter can derive no support from a decree, the statute accomplishes nothing. But to hold that such decrees are void whenever the sales are void, would overturn a long line of decisions by this court, which have never varied or been shaken. *Wallace* v. *Brown,* 22 Ark., *supra ; Buckingham* v. *Hallett,* 24 Ark., 519; *Worthen* v. *Ratcliffe,* 42 Ark., 344; *Scott* v. *Pleasants,* 21 Ark., 364; *Boehm* v. *Botsford,* 52 Ark., 400.

Whether a distinction can be taken between sales that are void for a fundamental defect, and such as are void for

a departure from a statutory provision not fundamental, and, if so, whether the curative powers of a decree are confined to sales of the latter class, is a question we need not determine in this cause. If such distinction can be made, since the law fixes the time, terms and place of sale, notice thereof by advertisement is not fundamental, and might have been dispensed with by the legislature.

It is not strictly correct to say in such cases that the lands of an individual are taken without notice. All real estate belonging to individuals is subject to taxation annually; it is the duty of the owner to know that his taxes are paid, and if he suffer his land to become delinquent, the law gives him notice that it will be sold, and also informs him of the time, place and terms of the sale; if he permit the sale to be made and suffer the term of redemption to expire without redeeming, he is advised that a deed may be made and that the purchaser may proceed under the statute to have his title confirmed. If he permit a decree of confirmation to be entered, he is in no position to say that some provision of the statute which the legislature elected to adopt with reference to the tax sale was violated; whether his position would be better if the provision violated was such as the legislature could not have dispensed with, is a question not presented upon this appeal. The legislature, having provided notice by statute, might have omitted the notice by publication; it was therefore competent for it to provide that a decree of confirmation shall bar all claims depending upon the want of publication, and such is the effect of the statute. Mansf. Dig., sec. 581.

As the question stated by the appellant must be solved against him, we cannot disturb the judgment.

Affirm.