WALLACE *v.* GLESSNER.

Opinion delivered November 19, 1917.

1. EVIDENCE—DOCUMENTARY EVIDENCE BECOMES PART OF THE RECORD, HOW.—In an action to try the title to certain lands, appellees relied upon patents from the United States. The certificates of entry were not introduced in evidence. *Held,* a mere reference to the certificates will not bring them into the record. They must be read to the court and filed, or brought in by bill of exceptions.

2. TAX SALE—COLLATERAL ATTACK—VOID SALE—LACK OF JURISDICTION.—The decree in an overdue tax suit is liable to collateral attack, where the court rendering it was without jurisdiction, because the title to the lands involved was in the United States Government.

Appeal from Logan Chancery Court, Northern District; *W. A. Falconer,* Chancellor; affirmed.

*J. G. Wallace & Son,* for appellant.

1. The only question is did the chancery court have jurisdiction in the overdue tax proceedings. All presumptions are in favor of jurisdiction and the regularity of the proceedings. Acts 1881, § 18, p. 63. A void judgment binds no one, but a voidable one is binding until set aside. The cross-complaint made no case for equitable relief. 31 Ark. 598: 47 *Id.* 205; 26 *Id.* 54. The attacks on the decree are groundless. It is too late to raise the question of payment of taxes. § § 4 and 15 Acts 1881; Mansf. Digest, § 4475. The lands were struck off to the State and conveyed to appellant. The court had jurisdiction. 72 Ark. 601. No patents from the U. S. were exhibited.

2. Decrees in overdue tax suits can not be attacked collaterally for other than jurisdictional facts. 55 Ark.

30, 37; 66 *Id.* 539; *Ib.* 48; 53 *Id.* 445; 45 *Id.* 530; 57 *Id.* 423; 50 *Id.* 188; 91 *Id.* 95; 108 *Id.* 515; 49 *Id.* 336. The recitals in the decree are conclusive of jurisdiction. Kirby's Digest, § 4424-5, and cases cited.

When proceedings are regularly had under the overdue tax act, resulting in sale and confirmation, all persons are precluded from attacking the sale on account of defenses which could have been set up in such proceeding. 91 Ark. 95; 49 *Id.* 336; 50 *Id.* 188; 72 *Id.* 101, 112. It is the general policy to uphold tax titles when the sale is regular. 49 Id. 336; 72 *Id.* 430.

See 55 Ark. 398. After confirmation all defenses were cut off. 22 Ark. 118; 55 *Id.* 30; 57 *Id.* 423. The decree is conclusive. 105 Ark. 5.

*Robert J. White,* for appellees.

1. The decree was void for want of jurisdiction and the sale to appellant void. The lands belonged to the U. S. and it is not shown that title has passed or that the lands were subject to taxation. Acts 1881, p. 63-4; 56 Ark. 419; 55 *Id.* 30; 65 *Id.* 84.

McCULLOCH, C. J. Appellant instituted separate actions against appellees Glessner and Biggs, respectively, for the possession of certain lands in Logan County. The two actions were transferred to equity, and by consent consolidated, and tried together, and a final decree was rendered in favor of each of said appellees.

Appellant claimed each of the tract of land in controversy under a deed from the Commissioner of State Lands, the State's title being based on a sale pursuant to a decree of the chancery court of Logan County for overdue taxes under the act of March 12, 1881. See Acts of 1881, p. 63. Appellees answered, setting forth numerous grounds for an attack upon the validity of the overdue taxes decree, and among other things alleged that they held the lands under patents from the United States, and that the lands were owned by the government and were, therefore, not subject to taxation at the time

of the original void assessment or at the time of the institution of the suit in which the sale was decreed.

(1) The decree recites that the cause was heard upon "the record evidence, oral evidence, and patent deeds, papers, and other documentary evidences in said case." It is conceded that the patents do not show the dates when the titles passed from the government to the entrymen under the original entries, but it is contended that the mere reference in the patents to the original certificates by numbers makes them parts of the patents so as to constitute parts of the record on which the case was tried below, and that we ought to compel the production of the certificates and treat them as parts of the record. It is, however, a mistake to assume that a mere reference to the certificates brought them into the record without having been read to the court and filed, or brought in by bill of exceptions.

(2) There is, therefore, nothing in the record to prove that the title passed out of the government at a time earlier than the date of the respective patents in the case, which was after the institution of the overdue tax suit. The chancery court found that the overdue tax decree was void for want of jurisdiction of the court which rendered it, and that is correct if the lands belonged to the United States Government. The decree in the overdue tax suit is not open to collateral attack merely for correction of errors, but if the court was without jurisdiction because of the fact that the lands in question belonged to the government, the decree was void, and, in that respect, not open to collateral attack. *Burcham* v. *Terry,* 55 Ark. 398.

Upon the record presented the decree of the court is correct and the same is, therefore, affirmed.