COMMERCIAL NATIONAL BANK, TRUSTEE, *v.* COLE
BUILDING COMPANY.

4-5851 138 S. W. 2d 794

Opinion delivered March 25, 1940.

*S. L. White* and *U. A. Gentry,* for appellant.

*Beloit Taylor* and *E. Chas. Eichenbaum,* for appellee.

SMITH, J. This appeal presents the question of the validity and effect of a decree of confirmation rendered pursuant to the provisions of act 119 of the Acts of 1935, p. 318. It is not questioned that this confirmation decree was rendered after full compliance with the provisions of act 119, *supra,* and that it purported to confirm the title acquired by the state upon the certification of the forfeiture and sale to the state for the nonpayment of the taxes due on the lots here involved.

Appellant purchased the lots from the state, after the rendition of the confirmation decree and filed a petition to confirm its title thus acquired against appellees, who, it was alleged, "claim title to and assert an interest therein adverse to plaintiff, the exact nature of the interest being unknown to plaintiff, but which constitutes a cloud on plaintiff's title."

A demurrer and a motion to dismiss for want of jurisdiction were filed, and overruled. Thereafter, appellees, who were the defendants, and certain interveners in the case, filed an answer and cross-complaint, in which they alleged that the sale of the lots to the state was void for six different reasons, the only one now insisted upon being that the tax sale was held on a day not authorized by law.

A stipulation was filed, which recites the delinquency and sale of the lots and certification of the sale to the state after the expiration of the period of redemption, the lots not having been redeemed. It was further stipulated "That none of said lands, or any part thereof, is occupied by any one." But, notwithstanding this

stipulation, testimony was offered that defendants had control of the lots, were asserting title thereto, and had authorized an agency to sell them.

The decree here appealed from recites the rendition of the confirmation decree on April 28, 1938, but upheld the right of defendants and interveners to redeem therefrom, for the reason that the tax sale was held on a day not authorized by law, and therefore the confirmation was ineffective to cure the state's tax title.

The jurisdiction of the court to entertain the cause is questioned, for the reason that the suit is, in effect, a possessory action, and should have been brought at law. In support of that contention the case of *Pearman* v. *Pearman,* 144 Ark. 528, 222 S. W. 1064, is cited, in which it was said: ''The equity jurisdiction to quiet title, independent of statute, can only be invoked by a plaintiff in possession, unless his title be merely an equitable one. The reason is that where the title is a purely legal one and some one else is in possession, the remedy at law is plain, adequate and complete, and an action of ejectment can not be maintained under the guise of a bill in chancery. In such case the adverse party has a constitutional right to a trial by jury. (Citing cases.)''

Here, however, the lots are vacant and the property is not occupied by any person against whom a suit in ejectment could be brought. Appellant is not asking possession. It alleges that appellees claim title of a nature not disclosed in the record in this case, and that the assertion thereof constitutes a cloud upon appellant's title, and the relief prayed is that this cloud be removed and the validity of appellant's title be adjudged and decreed.

The opinion in the recent case of *Patterson* v. *McKay,* 199 Ark. 140, 134 S. W. 2d 543, affords authority for the institution of this suit; and so, also, does the case of *Gibbs* v. *Bates,* 150 Ark. 344, 234 S. W. 175. In the case last cited Mrs. Gibbs brought suit to quiet her title to a tract of land against Mrs. Bates who answered that she claimed title thereto by adverse possession. Mrs. Bates asked no affirmative relief, but prayed only that the relief asked by Mrs. Gibbs be denied. In denying

the relief prayed, the opinion quoted from the case of *Pearman* v. *Pearman, supra,* the language above quoted from that opinion. But it was further said in the case of *Gibbs* v. *Bates* that "of course, when the defendant files a cross-bill, founded on matters clearly cognizable in equity, this supplies any defect in jurisdiction and places the court in possession of the whole case, and imposes upon it the duty of granting relief to the party entitled to it. The original bill and cross-bill then became but one cause, and a court of chancery takes jurisdiction, when allegations of the cross-bill supply the defects of the original bill. *Pearman* v. *Pearman,* and cases cited."

Here, appellees, unlike Mrs. Bates, asked the affirmative relief that her own title be quieted, and this prayer would supply the defects of the original bill, if any there were.

We conclude, therefore, that the court had jurisdiction to determine the real question in the case, which is that of the validity and effect of the confirmation decree, as it is conceded that appellant had title to the lots in question, if the confirmation decree is valid. The insistence is that the decree is invalid for the reason that a sale on a day not authorized by law was made without power to sell, and that this was a defect which the confirmation decree could not cure.

In the early case of *Wallace* v. *Brown,* 22 Ark. 118, 76 Am. Dec. 421, a tract of land on which the owner had paid the taxes was sold for the nonpayment of the taxes. The purchaser at the tax sale secured a confirmation of the sale, and brought ejectment against the owner who had paid the taxes, and who defended upon the ground that the land had been sold for taxes not due upon it. It was said in the opinion in that case that this was a sale without power, and was a fraud upon the owner's rights, and that the court would not be slow to grant him relief in a direct and appropriate proceeding for that purpose, but it was held that when the confirmation decree was offered in evidence in a collateral suit the owner of the land would not be permitted to go behind the decree, introduce evidence of the payment of the taxes

before the sale, and for that reason cause the decree to be treated as null and void. The instant suit is a collateral attack upon the confirmation decree rendered April 28, 1938.

Quoting this Wallace case with approval, Judge HEMINGWAY, in the case of *Caldwell* v. *Martin*, 55 Ark. 470, 18 S. W. 633, said: "If it be correct, as contended by the appellant, that such decree (confirming tax titles) can cure voidable titles, but cannot aid titles absolutely void, the statute would be nugatory; for, as was stated by Chief Justice ENGLISH in *Wallace* v. *Brown*, 22 Ark. 118, 76 Am. Dec. 421, all tax sales are in a general sense either valid or void; the former need no decree of confirmation to sustain them, and if the latter can derive no support from a decree, the statute accomplishes nothing. But to hold that such decrees are void whenever the sales are void would overturn a long line of decisions by this court, which have never varied or been shaken. *Wallace* v. *Brown*, 22 Ark. 118 [76 Am. Dec. 421]; *Buckingham* v. *Hallett*, 24 Ark. 519; *Worthen* v. *Ratcliffe*, 42 Ark. 330; *Scott* v. *Pleasants*, 21 Ark. 364; *Boehm* v. *Botsford*, 52 Ark. 400, 12 S. W. 786."

In the case of *Lambert* v. *Reeves*, 194 Ark. 1109, 110 S. W. 2d 503, 112 S. W. 2d 33, a confirmation decree was held void for the reason that the land the sale of which had been confirmed had been sold for taxes not assessed against the land, and it was there said: "It is furthermore contended that this is a collateral attack upon the decree of confirmation. Even so, if the confirmation decree is void, in so far as it attempts to confirm a tax sale that is void for the defect above mentioned (that no tax had been assessed against the land), then it is open to collateral attack, as a void judgment may be attacked collaterally."

The tax sale there involved had been confirmed under the provisions of act 296 of the Acts of 1929, which act was amended by act 119 of the Acts of 1935, the act under which the sale here involved was confirmed.

We had occasion, in the case of *Fuller* v. *Wilkinson*, 198 Ark. 102, 128 S. W. 2d 251, to point out the respects

in which the latter act differed from the former. It was there said that, while act 296 cured only informalities and illegalities in the forfeiture proceedings, the effect of confirmation decrees rendered pursuant to the provisions of act 119 is to cure all tax sales where there is not lacking the power to sell, and that the power to sell existed when a valid tax had been imposed, and had not been paid. The opinion in the Lambert case recited that the tax sale which had been confirmed had been made for taxes which had not been extended or imposed on the land.

In the instant case it is not questioned that a valid tax had been imposed, and that the tax had not been paid. It was, of course, an "irregularity and illegality" to sell the land on a day not appointed by law, which rendered the sale void, and against which relief would have been granted if asked at an appropriate time. This defense might well have been interposed against the rendition of the confirmation decree; but it was not, and, although the sale was void for the reason stated, it was confirmed and held valid. The court had the jurisdiction to render this decree, and it is impervious to the collateral attack now made upon it if the power existed to sell the land.

It was said in *Berry* v. *Davidson,* 133 S. W. 2d 442, that "If there are any taxes levied or assessed against the land, however defectively that may have been done and when the taxes shall not have been paid, the state has the power to sell."

Here, the power to sell existed. In pointing out the distinction between act 296 and act 119, *supra,* it was said, in the case of *Fuller* v. *Wilkinson,* 198 Ark. 102, 128 S. W. 2d 251, that "Now, act 119 is not thus restricted, and we think the effect of confirmation decrees rendered pursuant to its provisions is to cure all tax sales where there was not lacking power to sell, that is, all sales for taxes which were due and had not been paid." It is conceded that the taxes for which the lands here involved were sold were valid, were due, and were not paid, and the power to sell, therefore, existed. The sale on a day

not authorized by law was an "illegality and irregularity" which rendered that sale void; but as the power to sell this land existed, this defense should have been interposed in the confirmation suit, and not having been then interposed, it cannot now he asserted.

The decree of the court below is, therefore, reversed, and the cause will be remanded, with directions to confirm appellant's title as against the appellees.

HUMPHREYS and MEHAFFY, JJ., dissent.