SCHUMAN *v.* WALTHOUR.

4-6784                                    163 S. W. 2d 517

Opinion delivered June 29, 1942.

*Joseph Brooks,* for appellant.

*William S. Mitchell, Jr.,* and *Moore, Burrow & Chowning,* for appellee.

SMITH, J.   From 1923 through 1937, with the exception of 1926, the Pulaski county quorum court, at the

direction of the Little Rock city council, annually levied, in addition to the 5 mills for the city general fund, a tax of ⅝ths of a mill for the use and benefit of the firemen's pension and relief fund of that city.

The general taxes on the lots in the city of Little Rock here in litigation were not paid for the year 1932, and the lots were sold to the state for the nonpayment of the taxes. The lots were not redeemed, and after the expiration of the time for redemption the sale was duly certified to the State Land Commissioner, and under authority of Act 119 of the Acts of 1935, p. 318, a decree was rendered confirming this sale on April 28, 1938.

On January 1, 1940, the delinquent taxes on the lots, including those for which the lots were sold and those which would have subsequently accrued, totaled $204.18. On January 4, 1940, appellant applied to the State Land Commissioner to purchase the lots under the provisions of Act 282 of the Acts of 1939. An appraisal of the value of the lots was made, as provided by this act, and the lots were conveyed, on January 4, 1940, to appellant by the State Land Commissioner for $33.22, the appraised value.

Appellant took immediate possession of the lots and made improvements thereon of the value of $62.

Walthour & Flake acquired the record title of the original owner of the lots, and on June 25, 1941, filed this suit, praying the cancellation of the deed from the state to appellant, and from a decree awarding that relief is this appeal.

The decree required Walthour & Flake to pay appellant, Schuman, the amount Schuman had paid the state for his deed and the value of the improvements. A tender of these amounts was made when the suit was filed.

It was held in the case of *Adamson* v. *City of Little Rock,* 199 Ark. 435, 134 S. W. 2d 558, that no authority existed for the levy of the pension tax in addition to the 5 mills for city purposes, and in the case of *Sherrill* v. *Faulkner,* 200 Ark. 1006, 142 S. W. 2d 229, it was held that a sale for taxes, including an excessive tax, was void,

because the property was sold for taxes not due and which could not be imposed. The case last cited quotes from the case of *Fuller* v. *Wilkinson,* 198 Ark. 102, 128 S. W. 2d 251, as follows: "In *Fuller* v. *Wilkinson,* . . ., it was held, to quote a syllabus: 'Where the three-mill road tax had not been voted by the electors at the preceding general election, there was no authority for extending the tax against the lands, and a sale of the land for taxes including such road tax is, for lack of power to sell, void and is not cured by a decree of confirmation.' See, also, *Adamson* v. *City of Little Rock,* 199 Ark. 435, 134 S. W. 2d 558." That holding was reaffirmed in the case of *Smart* v. *Alexander,* 201 Ark. 211, 144 S. W. 2d 25.

Those cases apply and govern here, and authorize the original owner to attack the confirmation decree where there was lacking power to sell.

It is argued, however, that this right to attack a decree which had confirmed a tax sale where the power to sell did not exist is barred by Act 423 of the Acts of 1941, p. 1227. This is an act entitled, "An Act to Amend § 8719 of Pope's Digest of the Statutes of Arkansas, as Amended by § 2 of Act 318 of the Acts of 1939; and for Other Purposes."

Section 8719, Pope's Digest, is taken from § 9 of Act 119 of the Acts of 1935. This § 9 of Act 119 of 1935 was quoted in full in the case of *Fuller* v. *Wilkinson, supra,* where it was contended that this section should be construed as enacting a statute of limitations requiring confirmation decrees rendered under Act 119 to be attacked within one year after the date of their rendition, and not later. In overruling that contention it was there said: "Does this act allow any period of time, reasonable or otherwise, within which all affected landowners may show cause why the decree should not become final and impervious to attack? The act provides that 'the title to said property shall be considered as confirmed and complete in the state forever,' that is, at the time of and upon the date of the rendition of the confirmation decree. It appears to be the purpose and effect of the act to give finality and conclusive effect to the decree of confirma-

tion, not one year after the date of its rendition, but upon its rendition. It is true that certain owners, who can make the showing that they had no knowledge of the pendency of this suit and who have a meritorious defense to the complaint upon which the decree was rendered, are allowed one year for that purpose, but only such persons are allowed that time. All others are concluded from the date of the rendition of the decree, and as to them the decree is as final upon the date of its rendition as it ever becomes.''

But Act 423 of the Acts of 1941 is a statute of limitations. It provides that ''The owners of any real property embraced in said decree (rendered under the authority of Act 119) may, however, by appropriate pleading filed within one year from and after its rendition, attack the said decree in so far as it relates to their property, either in the same cause in the said chancery court or in a separate cause in the same or any other court of competent jurisdiction, upon any ground which would have constituted a meritorious defense to the complaint upon which the said decree was rendered; and any such attack, made within the said one-year period as aforesaid, shall be taken to be direct attack as of the same term when the said decree was rendered. All attacks upon the said decree made after the said one-year period shall be taken to be collateral attacks and shall be wholly ineffectual. Provided nothing in this act shall prevent any person attacking such decree at any time on the grounds that taxes have actually been paid.''

Now, unlike § 9 of Act 119 of the Acts of 1935, Act 423 of the Acts of 1941 is a statute of limitations, but to what decrees does it apply? Appellant insists that it applies to all decrees rendered under the authority of Act 119, whether those decrees were rendered prior to the passage of Act 423 or subsequent to that date.

If Act 423 is so construed, the effect of that construction will be that the owner's right to redeem from a confirmation decree was barred when the act became effective. The act was approved March 31, 1941, without an emergency clause, and, therefore, became effective

ninety days after the adjournment of the session of the General Assembly at which it was passed.

Appellant insists, therefore, that a reasonable time was afforded the landowner in which to prevent the bar of the statute of limitations from falling. To sustain that contention the case of *Steele* v. *Gann,* 197 Ark. 480, 123 S. W. 2d 520, 120 A. L. R. 754, is cited. That opinion construed Act 135 of the Acts of 1935, p. 383, which was a statute of limitations on actions for malpractice against physicians and surgeons and certain others. The act provided that such action must be commenced within three years after the cause of action accrued, and that the time of the accrual of the cause of action shall be the date of the wrongful act complained of. There the cause of action sued on accrued more than three years before the passage of the act; but it was held that the act applied to the causes of action mentioned, as the act did not become effective until ninety days after the passage of the act, and that a reasonable time was, therefore, afforded within which the plaintiff could have prevented the falling of the bar of the statute of limitations against her cause of action.

Not so here, as Act 423 requires that any attack upon a confirmation decree shall be "filed within one year from and after its rendition," so that, if Act 423 is to be given a retroactive effect and made applicable to decrees rendered prior to its passage it would bar an attack upon any decree rendered a year or more prior to its passage, because, if the act applies to such decrees, the period of limitation which it prescribes began to run from the date of the rendition of the decree.

It is said at § 21 of the chapter "Limitation of Actions," 34 Amer. Jur., p. 29, that "An existing right of action cannot be taken away by legislation shortening the period of limitation to a time which had already run; it is not within the power of the legislature to cut off an existing remedy entirely, since this would amount to a denial of justice. Consequently, it is firmly established that when a new limitation is made to apply to existing rights or causes of action, a reasonable time

must be allowed before it takes effect in which such rights may be asserted or in which suit may be brought on such causes of action, and that a limitation statute is void if the period allowed is unreasonably short. On the other hand, statutes of limitation affecting existing rights are not unconstitutional if a reasonable time is given for the enforcement of the right before the bar takes effect. The limitation fixed for actions by statute may depend upon the happening of a subsequent event, provided that event cannot possibly happen until after the expiration of a reasonable time in which to bring actions on existing causes of action that would otherwise be barred.'' Cases were cited in the Steele case, *supra,* in harmony with this statement of the law.

It was contended by the plaintiff in the Steele case, *supra,* that the plaintiff had three years after the passage of the act there construed in which to bring her suit, and that the act was not retroactive and did not apply to causes of action which had originated before its passage. It was said, however, that the act was retroactive, and it was upheld as a statute of limitations, inasmuch as it afforded the plaintiff a reasonable time within which to act and prevent the bar of the statute of limitations from falling.

Here, Act 423 was not, in our opinion, intended to be retroactive. It was provided in § 9 of Act 119 of the Acts of 1935, now appearing as § 8719, Pope's Digest, that certain owners might, within one year, have the confirmation decree vacated by showing a meritorious defense against the confirmation, which language was construed as meaning that it was a meritorious defense to show that the tax sale was invalid for any reason. But, inasmuch as § 9 did not apply to all owners, but only to the special class of owners there designated, it was held in the case of *Fuller* v. *Wilkinson, supra,* that the one year allowed for this attack was not a statute of limitations, and if the tax sale were void through the lack of power to make it the confirmation decree might be attacked at any time. The tax sale confirmed in *Fuller* v. *Wilkinson, supra,* was held void because the land had been sold for a road tax which had not been voted as required by the

constitution. Here, the tax sale is void because it involved a tax for the firemen's pension which had been levied in violation of the constitutional provision limiting the total tax which might be levied for municipal purposes. In both cases the tax sale was void because there was lacking power to sell for taxes which were not due and were included in the total tax for which the land was sold.

One purpose, if not the primary purpose, of Act 423 was to change the rule announced in *Fuller* v. *Wilkinson,* so as to limit the time within which confirmation decrees might be attacked for any purpose, save only upon the ground that the taxes for which the land had been sold had been paid. Act 423 does not profess to be retroactive, and there is, of course, a strong presumption against that legislative intent.

We hold, therefore, that Act 423 was not intended to and does not apply to confirmation decrees rendered prior to its passage, but only to those subsequently rendered.

The presumption against a legislative intent to make Act 423 retroactive is strengthened by the following language appearing in that act: "The owners of any real property embraced in the said decree may, however, by appropriate pleading filed within one year from and after its rendition, attack the said decree in so far as it relates to their property, . . ." It was contemplated in the passage of Act 423 that there would continue to be confirmations of future tax forfeiture, and the act imposed a limitation against attacks upon decrees subsequently rendered which did not exist before its passage. Act 423 provides that any attack upon a confirmation decree not made within one year after its rendition "shall be taken to be collateral attacks and shall be wholly ineffectual," but it does give a year within which to make a meritorious defense against the confirmation. Here, a year had expired after the rendition of the confirmation decree before Act 423 was passed, and a consideration of this fact adds strength to the view that it was intended that Act 423 should only apply to decrees of confirmation rendered subsequent to its passage.

It is insisted that appellees, as grantees of the original owner, are barred by laches from maintaining this suit. It appears, however, that appellees purchased from the original owner before appellant's deed was placed of record, and that they filed this suit promptly after being advised that appellant had purchased from the state. The decree from which is this appeal granting the right of redemption requires appellees to repay appellant the purchase price paid the state for the land and the value of the improvements which appellant made. When this has been done—and tender thereof has been made—appellant sustains no loss except that he does not acquire the property for the small amount paid the state, and the plea of laches cannot be sustained. *Sanders* v. *Flenniken,* 180 Ark. 303, 21 S. W. 2d 847.

It is also insisted that appellees are being allowed to redeem from a confirmation decree without paying the sum required for that purpose by § 6 of Act 119 of 1935, now appearing as § 8716, Pope's Digest. This section requires the owner who attacks a confirmation decree to "tender to the clerk of the court the amount of taxes, penalty and costs for which the land was forfeited to the state, plus the amount which would have accrued as taxes thereon had the land remained on the tax books at the valuation at which it was assessed immediately prior to the forfeiture; provided, that there shall be credited on the amount due, any taxes that may have been paid on the land after it was forfeited to the state." It is conceded that this amount is $204.18, and appellees are required to pay only $33.22. But appellant is in no position to complain. He did not pay the state $204.18; he paid only $33.22, and the decree requires this last-named amount to be paid him. Appellant, instead of paying $204.18, availed himself of the provisions of Act 282 of the Acts of 1939, by causing the land to be appraised and by purchasing it at its appraised value. However erroneous and inadequate this appraisement may have been, the state elected to sell, and did sell, the land for that amount. The state now asserts no title to or interest in the land by virtue of the sale for the delinquent taxes and the confirmation of that sale. Appellant is not entitled to the

difference between the amount required to redeem under § 6 of Act 119 of 1935 and the purchase price paid to the state, because he has not paid the difference. He is only entitled to be reimbursed what he paid for the land and his improvements, and the decree appealed from requires that sum to be paid to him to effect a redemption.

It is finally insisted that appellees are barred by appellant's plea of *res adjudicata*. The basis of this contention is that the decree of confirmation is conclusive of the validity of the tax sale, inasmuch as any objection to its validity could and should have been made before the rendition of the decree confirming the sale. In support of that contention appellant cites *Meyer* v. *Eichenbaum*, 202 Ark. 438, 150 S. W. 2d 958, and other similar cases holding that the judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and their privies, and constitutes a bar to a new action involving the same cause of action before the same or any other tribunal.

The case of *Fuller* v. *Wilkinson, supra,* and the later case following that decision are against that contention. Those cases are to the effect that confirmations of tax sales under Act 119 of 1935 are ineffective where the power to sell did not exist, and such decrees may be vacated upon the showing that the power to sell was lacking. *Angels* v. *Redman,* 198 Ark. 980, 132 S. W. 2d 170; *Berry* v. *Davidson,* 199 Ark. 276, 133 S. W. 2d 442; *Dansby* v. *Weeks,* 199 Ark. 497, 135 S. W. 2d 62; *Commercial National Bank* v. *Cole Bldg. Co.,* 200 Ark. 212, 138 S. W. 2d 794; *Sherrill* v. *Faulkner, supra; Moseley* v. *Moon,* 201 Ark. 164, 144 S. W. 2d 1089; *Redfern* v. *Dalton,* 201 Ark. 359, 144 S. W. 2d 713; *Beloate* v. *Taylor,* 202 Ark. 229, 150 S. W. 2d 730; *Faulkner* v. *Binns,* 202 Ark. 457, 151 S. W. 2d 101; *Ingram* v. *Blackmon,* 202 Ark. 769, 152 S. W. 2d 315.

The decree from which is this appeal, awarding the right of redemption upon the conditions herein stated, accords with this view, and it is, therefore, affirmed.